UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL S SCHUSTER, et al.,

Plaintiffs,

v.

SWINERTON INCORPORATED, et al.,

Defendants.

Case No. 3:24-cv-04970-JSC

**ORDER REQUESTING SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT**

Re: Dkt. No. 68

Plaintiffs filed this Employee Retirement Income Security Act ("ERISA") breach of fiduciary duty action on behalf of a putative class of participants in a retirement savings plan Swinerton Incorporated offered its employees. In March 2026, the parties notified the Court they had reached a settlement and the now pending motion for preliminary approval of the class action settlement followed. (Dkt. Nos. 61, 68.) Upon review of the motion, the Court requests supplemental briefing and continues the hearing date.

First, the motion does not adequately describe individual class member recovery under the settlement. While the motion indicates the gross settlement amount of $497,500 represents 22.1% of the total estimated losses of $2.25 million, there is no discussion—beyond reference to the Plan of Allocation—of the range of class member recovery under the settlement. (Dkt. No. 68-1 at 14, 16; Dkt. No. 68-9 (Plan of Allocation).)

Second, the Settlement Agreement provides any unclaimed funds following the initial distribution to the class, "will revert back to the Plan to defray administrative expenses and benefit class member Plan participants, along with the Plan as a whole." (Dkt. No. 68-6, Settlement Agreement at § 3.4.) While Plaintiffs reference this in the motion, they do not discuss whether this is common practice in ERISA settlements or cite any authority supporting the reasonableness of

United States District Court
Northern District of California

United States District Court
Northern District of California

this approach. (Dkt. No. 68-1 at 9.)

Third, the Court requests supplemental information regarding the Settlement Administrator. The motion indicates "over the last few years, Plaintiff's counsel have used [the Settlement Administrator] Analytics for a dozen other ERISA class settlements and has been highly satisfied with their services and professionalism." (Dkt. No. 68-1 at 10.) Plaintiff shall specify how many times in the last **five** years it has used Analytics and whether it has used any other settlement administrator during this time period. Further, the Settlement Administrator estimates the notice costs as between $40,000-$50,000, but the Settlement Agreement does not include a cap on the amount of settlement administration costs and appears to leave it to the Settlement Administrator's discretion how much to withhold. (Dkt. No. 68-6, Settlement Agreement at § 3.5 ("The Settlement Administrator will reserve from the Settlement Fund its estimated Administration Costs."); Dkt. No. 68-16, Simmons Decl. at ¶ 51.) Is there an agreement the costs shall not exceed a certain amount? Likewise, are there any other agreements between class counsel and the Settlement Administrator or the Settlement Administrator and any third-party?

Finally, the motion attaches the postcard notice, but not the long-form notice that will be emailed and mailed to class members per the notice plan set forth in the Settlement Administrator's declaration. (Dkt. No. 68-16, Simmons Decl. at ¶¶ 12-28, 39-42.) To approve the settlement, the Court must determine whether the notice affords adequate notice to the class. *See* Fed. R. Civ. P. 23(c)(2)(B) (listing the notice requirements); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) ("Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.") (cleaned up). Further, any notice must advise class members they can object to both the settlement itself and the request for attorneys' fees and costs, and advise Settlement Class Members about how they can review Class Counsel's motion for attorneys' fees and costs prior to the final approval hearing. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 995 (9th Cir. 2010) (holding class members must "have an opportunity to oppose class counsel's fee motion").

United States District Court
Northern District of California

Plaintiff shall file a supplemental brief addressing the above and attaching all the forms of proposed notice by August 27, 2026. The Court CONTINUES the preliminary approval hearing to September 11, 2026 at 10:00 a.m. via Zoom videoconference.

**IT IS SO ORDERED.**

Dated: August 11, 2026

Jacqueline Scott Corley

JACQUELINE SCOTT CORLEY
United States District Judge